RECEIVED

JUN - 9 2025

CLERK U.S. DISTRICT COURT
RICHMOND, VA.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**PHOEBE OGUDA DACHA,**
*Plaintiff,*

v.                                                    Civil Action No. 3:24-cv-00173-MHL

**SHELBY MOODY, EMORY SYDNEY, PARIS VEILLARD,
THE HONORABLE LINDA LAMBERT, GARY CHRISTOPHER WHITE,**
*Defendants.*

**SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff, Phoebe Oguda Dacha ("Plaintiff"), pro se, and files this Second

Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, and

alleges as follows:

**I. PARTIES**

1. Plaintiff is a resident of Henrico County, Virginia, and the biological mother of a minor
   child.

2. Defendant Shelby Moody is a CPS worker or supervisor acting under color of state law.

3. Defendant Emory Sydney is a CPS worker and a state or county legal actor involved in
   Plaintiff's custody proceedings.

4. Defendant Paris Veillard acted as guardian ad litem under color of state law and is sued in
   both individual and official capacities.

8

5. Defendant Judge Linda Lambert is sued in her individual capacity for actions outside judicial immunity.

6. Defendant Gary Christopher White is the biological father of Plaintiff's child and acted in concert with state officials to violate constitutional rights.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b), as all relevant events occurred in this district.

## III. FACTUAL BACKGROUND

9. All claims arise from events occurring on or after January 1, 2023.

10. Plaintiff was subjected to unconstitutional conduct during family court proceedings, including being denied hearings, the removal of her retained counsel without cause, and the enforcement of a protective order despite unfounded CPS findings.

11. Defendant Lambert acted administratively and without jurisdiction by removing Plaintiff's attorney with no motion, hearing, or explanation.

12. Plaintiff's motions for visitation and reunification were ignored or denied without due process.

13. Defendant White, with the support of state actors, perpetuated false claims to alienate Plaintiff from her child.

9

14. Plaintiff, a Black woman of African descent and Kenyan heritage, alleges that she was treated disparately based on national origin and ethnicity. She was subjected to harsher treatment than similarly situated U.S.-born African American or white parents. Such **intraracial national origin discrimination** is actionable under the Equal Protection Clause and Title VI.

## IV. CLAIMS FOR RELIEF

**Count I: Violation of Procedural Due Process (42 U.S.C. § 1983)** 15. Defendants deprived Plaintiff of the opportunity to be heard and meaningful access to the courts.

**Count II: Equal Protection / Title VI Violations (42 U.S.C. § 1983, 42 U.S.C. § 2000d)** 16. Plaintiff was treated disparately based on national origin and ethnicity in custody and reunification decisions, despite similarly situated litigants being afforded fair process and timely hearings.

**Count III: Civil Conspiracy to Violate Civil Rights (42 U.S.C. § 1985)** 17. Defendants conspired to deprive Plaintiff of custody rights through coordinated falsehoods, administrative denials, and court interference.

10

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. Compensatory and punitive damages;

B. Declaratory judgment that her constitutional rights were violated;

C. Injunctive relief restoring her access to the court and barring future exclusion;

D. Reasonable costs and fees;

E. Any other relief this Court deems proper.


Respectfully submitted,

Phoebe Oguda Dacha,
*Pro Se*
10703 Gayton Road
Henrico, VA 23238
phoebedacha@gmail.com
(804) 396-8566